## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALBERTO SPAGNUOLO,
    Plaintiff,

                        Case No.18-    GC
                        Hon.:

-vs.-

THE AUTO CLUB GROUP
d.b.a. AAA MICHIGAN,
    Defendant.
_____/

MUSSIN & SCANLAND, PLLC
SCOTT P. MUSSIN (P66748)
BY: JERARD M. SCANLAND (P74992)
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com
_____/

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved action within the jurisdiction of the civil division of the Federal District Court involving the parties who are the subject of the complaint.

_____
**JERARD M. SCANLAND**
**Attorney For Plaintiff**

**COMES NOW THE,** Plaintiff, **ALBERTO SPAGNUOLO,** through his attorneys the law firm of MUSSIN & SCANLAND, PLLC and by attorney Jerard M. Scanland and in support of Plaintiff's Complaint And Jury Demand, states the following:

## Jurisdiction and Parties

1. This is an action for violations of the Family Medical Leave Act, Section 501 of the Employee Retirement Security Income Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Retaliation in Violation of the Michigan Worker's Disability Compensation Act, and violations of the Persons with Disabilities Civil Rights Act, and Elliott-Larsen Civil Rights Act.

2. Plaintiff's claims arise out of his employment relationship with Defendant, The Auto Club Group.

3. Plaintiff, Alberto Spagnuolo, (hereafter "Plaintiff") is a resident of Michigan and resides within the Eastern District of Michigan.

4. Defendant, The Auto Club Group is a Michigan corporation, licensed to do business in the Eastern District of Michigan.

5. Plaintiff making a charge of discrimination with the Michigan Department Of Civil Rights and not obtaining the relief sought, has filed the within lawsuit.

6. The events out of which this controversy arose occurred in the Eastern District of Michigan.

7. This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and §1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367.

## Background Facts

8. Plaintiff began his employment with Defendant, The Auto Club Group on February 12, 2007.

9. The Plaintiff held the position of CRM Implementation Specialists.

10. Plaintiff's performance was at all times exemplary.

11. Despite his excellent performance, Defendant, The Auto Club Group created a hostile environment for Plaintiff based on his disability.

12. The Plaintiff advised the Defendant he required intermittent medical leave due in part, to his disability, which was Effective Disorder/Bipolar Disorder. As a result of his disability, he was not able to work certain days.

13. Plaintiff continued to suffer, Plaintiff requested reasonable accommodation in February for his disability.

14. Plaintiff's accommodation included seeking a different position within the Corporation.

15. Rather than acquiesced to Plaintiff's request for reasonable accommodations, laterally moving him within the corporation, the Defendant failed to provide the Plaintiff with a different position within the corporation.

16. The Plaintiff was discharged on August 3, 2018.

## COUNT-I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 above as if set forth in full herein.

18. Defendant is an employer covered by the Family and Medical Leave Act pursuant to 29 USC 2601 et seq.

19. In March of 2018 through April 10th, Plaintiff was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR 825.114.

20. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Plaintiffs' rights provided under the Act.

21. Defendant's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to his position and the right to be free from having an increased level of responsibility, however request for change in his current position was made, while suffering from a chronic, debilitating condition for exercising his rights under the law.

22. Defendants' actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

23. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-II
## VIOLATION OF SECTION 501
## OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 above as if set forth in full herein.

25. Plaintiff was at all times a participant or beneficiary, as that term is defined in ERISA.

26. Defendants were at all times an employer, as that term is defined in ERISA.

27. Under Section 501 of ERISA, 29 U.S.C. § 1140, an employer may not take an adverse action against a participant or beneficiary for exercising any right to which she/he is entitled under the provisions of an employee benefit plan ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

28. Plaintiff was terminated, at least in part, in order to interfere with his rights under Defendant's employee benefit plan.

29. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount she is found to be entitled; Exemplary and punitive damages in whatever amount she is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

**COUNT-III**

**VIOLATION OF THE AMERICANS WITH DISABILITY ACT (ADA)**

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as if set forth in full herein.

31. At all times material hereto, Plaintiff was an employee and Defendant his employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a)

32. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

33. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

34. Plaintiff's Effective Disorder/Bipolar Disorder is a mental impairment that substantially limits one or more major life activities.

35. Plaintiff has a record of a mental impairment that substantially limits one or more major life activities.

36. Defendant was made aware of Plaintiff's Effective Disorder/Bipolar Disorder.

37. Defendant disregarded Plaintiff's Effective Disorder/Bipolar Disorder as a mental impairment that substantially limited one or more major life activities.

38. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to harass, demote, increase Plaintiff's responsibilities, and then terminate his employment.

39. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision not to place him in another position.

40. Defendant was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

41. The actions of Defendant was intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

42. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

43. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

### COUNT-IV
### VIOLATION OF TITLE VII OF
### THE CIVIL RIGHTS ACT OF 1964

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 above as if set forth in full herein.

45. At all relevant times, Plaintiff was an employee and Defendant was his employer within the meanings set forth in the Title VII of the Civil Rights Act of 1964, as amended, 482 USC '2000e, et seq.

46. Plaintiff is a member of a protected class; he is a forty-eight year old individual who suffers from Effective Disorder/Bipolar Disorder.

47. At all times, Plaintiff performed his job duties in a manner that was satisfactory or better.

48. Defendant's treatment of Plaintiff, as described above, was based, at least in part, on the unlawful consideration of his sex/gender/disability.

49. Defendant, its agents, representatives and employees, was predisposed to discriminate on the basis of sex/gender/disability and acted in accordance with that predisposition.

50. Defendant, its agents, representatives and employees, treated similarly situated employees more favorably than Plaintiff, in the terms, conditions and/or benefits of employment.

51. Defendant, its agents, representatives and employees, created a hostile and degrading environment towards older employees, based, at least in part, on his disability.

52. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

53. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-VI
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

54. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 53 above as if set forth in full herein.

55. Plaintiff had a severe and disabling condition known as Effective Disorder/Bipolar Disorder, a covered disability under the act, was perceived as having a disability and/or had a record of having a disability.

56. Plaintiff's disability affected his ability to engage in one or more major life activities.

57. Plaintiff was/is qualified for his former position.

58. Plaintiff's disability did not affect his ability to perform the essential functions of his job.

59. Defendant discriminated against Plaintiff by refusing to reasonably accommodate Plaintiff's disability, by harassing and retaliating against him, by creating a hostile environment, demoting and terminating her because of her disability.

60. As a further direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to: loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and

future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-VII
## VIOLATION OF ELLIOTT LARSEN CIVIL RIGHTS ACT

61. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 60 above as if set forth in full herein.

62. At all times material hereto, Defendant's was Plaintiff's employer and Plaintiff was an employee covered by and within the meaning of the Elliott-Larsen Civil Rights Act MCL§37.2101, et seq. 100. As Plaintiff's employer, Defendants had a duty to refrain from discriminating against Plaintiff on the basis of sex/gender/disability. MCLA §37.2202.

63. Plaintiff is a member of a protected class; he is a forty-eight-year-old individual who suffers from Effective Disorder/Bipolar Disorder.

64. Defendant's harassment, demotion, increase in Plaintiff's responsibilities and termination of Plaintiff as described above, were based, at least in part, on the unlawful consideration of his sex/gender/disability.

65. Defendant, its agents, representatives and employees, was predisposed to discriminate on the basis of sex/gender/disability and acted in accordance with that predisposition.

66. Defendant treated similarly situated employees more favorably than Plaintiff, in the terms, conditions and/or benefits of employment.

67. Defendant created a hostile and degrading environment towards those working in the secretarial/administrative assistant function, based, at least in part, on their gender.

68. The actions of Defendant, its agents, representatives and employees, were intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

69. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff, **ALBERTO SPAGNUOLO,** demands judgment against Defendant as follows:

### LEGAL RELIEF

1. Compensatory damages in whatever amount he is found to be entitled;

2. Exemplary and punitive damages in whatever amount he is found to be entitled;

3. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled; and,

4. An award of interest, costs and reasonable attorney fees.

### EQUITABLE RELIEF

1. An order out of this Court reinstating Plaintiff to the position he would have held had there been no wrongdoing by Defendant;

2. An injunction out of this Court prohibiting any further acts of discrimination or retaliation;

3. An award of interest, costs and reasonable attorney fees; and,

4. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: December 20, 2018            Respectfully Submitted,

MUSSIN & SCANLAND, PLLC

BY: JERARD M. SCANLAND (P74992)
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

## JURY DEMAND

The Plaintiff, **ALBERTO SPAGNUOLO**, by his attorney the law firm of MUSSIN & SCANLAND, hereby makes a demand for a trial by jury.

Dated: December 20, 2018            Respectfully Submitted,

MUSSIN & SCANLAND, PLLC

BY: JERARD M. SCANLAND (P74992)
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com